UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID HICKS, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 09-2148 (ESH) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION

In this civil action removed from the Superior Court of the District of Columbia, plaintiff sues for the alleged negligent and unconstitutional disclosure of information about him under the District of Columbia's Sexual Offender Registration Act ("SORA"), D.C. Code §§ 22-4001-4017. He names as defendants the District of Columbia, Metropolitan Police Department ("MPD") Chief Cathy Lanier and other MPD personnel, employees of the District's Housing Authority and the District's Office of the Attorney General ("the D.C. defendants"). In addition, plaintiff sues Adrienne Poteat, Director of Court Services and Offender Supervision Agency ("CSOSA"), and CSOSA Probation Officer Stephanie Gray ("the federal defendants").

The federal defendants move to dismiss under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. The D.C. defendants move to dismiss under Rule 12(b)(6). Upon consideration of the parties' submissions and the entire record, the Court will grant the federal defendants' motion to dismiss under Rule 12(b)(1) and the D.C. defendants' motion to dismiss the federal claims under Rule 12(b)(6). The Court will then remand the remainder of the case against the D.C. defendants to Superior Court.

I. BACKGROUND

Liberally reading the *pro se* complaint, plaintiff alleges that he was subjected to threats, intimidation, harassment and assault after information presumably about his sex offender status was broadcast over a police radio. He claims to have been the subject of "sexual profiling" (Compl. at 2, 5) and retaliation by "a member of the Housing Authority Police" (*id*. at 3).[1] Plaintiff filed suit in the Superior Court on October 13, 2009, "requesting injunctive and or declaratory relief to abate a continuing violation, and for [c]ompensatory damages." (*Id*. at 6.) He also demanded a judgment for $2.5 million. (Dkt. # 1-1, p. 9.) The federal defendants removed the case to this Court on November 16, 2009. Plaintiff's motion to remand (Dkt. # 3) was denied on December 22, 2009. (Dkt. # 6.)

II. DISCUSSION

1. The Federal Defendants' Motion to Dismiss

The United States has certified that Poteat and Gray were acting within the scope of their employment. (Def.'s Ex. 1.) "When a federal employee is sued for wrongful or negligent conduct, the [Westfall] Act empowers the Attorney General to certify that the employee 'was acting within the scope of his office or employment at the time of the incident out of which the claim arose.' Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee." *Wuterich v. Murtha*, 562 F.3d 375, 377 (D.C. Cir. 2009) (quoting *Osborn v. Haley*, 549 U.S. 225, 229-30 (2007)). Plaintiff has not contested the certification. The United States therefore is substituted

---

[1] Plaintiff's claim appears to stem from the SORA's community notification provision, which authorizes the MPD "to release and disseminate the information obtained on sex offenders . . . to all or parts of the community concerning a sex offender . . . ." D.C. Code § 22-4011.

as the proper federal defendant.  *See id*. at 381 ("[W]here a plaintiff fails to allege sufficient facts to rebut the certification, the United States must be substituted as the defendant because the federal employee is absolutely immune from suit.").

Plaintiff has not stated any facts supporting a claim against the United States for injunctive or declaratory relief, and the Federal Tort Claims Act ("FTCA") is the exclusive remedy for his monetary damages claim against it.  *See* 28 U.S.C. §§ 2671 *et seq*.  The FTCA requires that a claimant present his claim to the appropriate federal agency prior to filing a civil action in a federal district court.  *McNeil v. United States*, 508 U.S. 106, 113 (1993); 28 U.S.C. § 2675(a) (requiring claimant to present claim "for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . to the appropriate Federal agency" from which written notice of the denial of the claim has been mailed to the claimant, or six months has passed, before suit may be filed).  Because plaintiff has not alleged that he exhausted his administrative remedies by having presented his claim first to the appropriate agency, this Court lacks jurisdiction to entertain his complaint against the United States.

2. The District of Columbia Defendants' Motion to Dismiss

The Federal Rules of Civil Procedure require that a complaint contain " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the  . . .  claim is and the grounds upon which it rests[.]' "  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  The Supreme Court instructs that, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "

3

*Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 129 S.Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). A plaintiff must offer "more than labels and conclusions" to provide "grounds" of "entitle[ment] to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555.

Plaintiff's federal claim against the District of Columbia defendants is pursuant to 42 U.S.C. § 1983. To survive a motion to dismiss a section 1983 claim, the plaintiff must show the deprivation of "rights, privileges, or immunities secured by the Constitution and laws" by a person acting under color of state law. 42 U.S.C. § 1983. Plaintiff invokes constitutional provisions but he has not stated any facts supporting a constitutional violation; his negligence claim is not cognizable under § 1983. *County of Sacramento v. Lewis*, 523 U.S. 833, 848-49 (1998). The D.C. defendants' motion to dismiss under Rule 12(b)(6) therefore is granted.

In the absence of a federal claim against the D.C. defendants, the Court will not exercise supplemental jurisdiction over any local and common law claims but instead will reconsider the denial of plaintiff's motion to remand and will remand the case to Superior Court. *See District of Columbia v. Merit Sys. Protect. Bd.*, 762 F.2d 129, 132-33 (D.C. Cir. 1985) ("If the federal party is eliminated from the suit after removal under [§ 1447(a)], the district court . . . retains the power either to adjudicate the underlying state law claims or to remand the case to state court.") (citations omitted); *Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, 528 F.3d 34, 950 (D.C. Cir. 2008) ("There is a substantial presumption in favor of a plaintiff's choice of forum.") (citations omitted).

/s/  
ELLEN SEGAL HUVELLE  
United States District Judge

DATE:  March 2, 2010